IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division



ZAKIA WHITE,  )
             )
        Petitioner,  )
v.           )       Criminal No. 1:08CR87
             )       Civil Action No. 1:09CV26
UNITED STATES OF AMERICA,  )
             )
        Respondent.  )
             )

**MEMORANDUM OPINION**

This case is before the Court on Petitioner Zakia White's Motion Under 28 U.S.C. § To Correct, Set Aside, Or Vacate her sentence.

On March 5, 2008, the Petitioner pled guilty to a two-count Criminal Information charging access device fraud, in violation of Title 18, United States Code, Section 1029(a)(5) and aggravated identity theft, in violation of Title 18, United States Code, Section 1028A. The maximum penalty for Count 1 was a term of imprisonment of fifteen years, a fine of $250,000, full restitution, a special assessment, and up to three years of supervised release. The maximum penalty for Count 2 was a mandatory two-year term of imprisonment to run consecutively to the sentence imposed as to Count 1, a fine of up to $250,000, full restitution, a special assessment, and up to a year of supervised release.

On June 6, 2008, this Court sentenced the Petitioner to a term of 18 months in prison as to Count 1 (the bottom of the advisory guideline range of 18-24 months) and a consecutive sentence of 24 months as to Count 2. The Petitioner did not appeal this sentence.

On January 8, 2009, the Petitioner filed a Motion To Correct, Set Aside, Or Vacate a Sentence, pursuant to 28 U.S.C. § 2255. In her Motion, the Petitioner raises three grounds for relief. First, the Petitioner alleges that her sentence violates the Due Process Clause of the Sixth Amendment because her two terms of imprisonment run consecutively. Second, the Petitioner argues that her counsel was ineffective for failing to argue that she should have received a fine rather than imprisonment. Finally, the Petitioner claims that her convictions violate the Double Jeopardy Clause [of the Fifth Amendment].

The Petitioner alleges that her sentence violates the Due Process Clause of the Sixth Amendment. In particular, the Petitioner states that her two sentences should have run concurrently "according to the Fed Crim Codes and Rules." However, the Petitioner does not point to any specific federal statute or any provision of the Fed. R. Crim. Pro. in support of her claim. Contrary to Petitioner's allegation, a sentence for violating 18 U.S.C. § 1028A must run consecutively to the sentence for the underlying felony. See 18 U.S.C. § 1028A(b)(2).

The Sixth Amendment to the United States Constitution protects a criminal defendant's right to effective assistance of counsel. In <u>Strickland v. Washington</u>, 466 U.S. 668, 669 (1984), the Court announced a two-prong test that the Petitioner must satisfy in order to demonstrate a denial of her right to effective assistance of counsel. The first prong requires the Petitioner to prove that counsel's representation of the Petitioner fell below an objective standard of reasonableness. There is a strong presumption that an attorney is acting reasonably. The second prong requires the Petitioner to prove prejudice to her defense. This requires a showing that but for her attorney's errors, there is a reasonable probability that the outcome of the trial would have been different.

The Petitioner argues that her counsel was ineffective for failing to seek a sentence without a term of imprisonment. That she could have received a fine, a term of imprisonment, or both and that counsel was ineffective for failing to seek the lowest of these three possible sentences. She also provides possible justification for a fine rather than imprisonment, including that it was her first offense, it was a non-violent offense, and that the defendant was suffering from post-traumatic stress disorder as a result of a recent near death experience.

As to Count 2, under 18 U.S.C. § 1028A(a)(1), the Petitioner "shall . . . be sentenced to a term of imprisonment of 2 years."

Therefore, the Petitioner was not eligible for a sentence including only a fine. As to Count 1, in the Petitoner's Position On Sentencing, defense counsel made the argument that the Petitioner should be given a sentence of probation as to Count 1 for the reasons listed in the Petitioner's current Petition. Therefore, the Petitioner cannot show deficient performance where defense counsel made the arguments for which the Petitioner now seeks redress.

The Double Jeopardy Clause of the Fifth Amendment states: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST., AMEND. V. "Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932).

The Petitioner claims that the elements of the two offenses (aggravated identity theft and access device fraud) are the same. In fact, none of the elements of 18 U.S.C. § 1028A and 1029(a)(5) are the same. 18 U.S.C. § 1028A is meant to have the effect of a two year sentencing enhancement on top of the sentence for one of the enumerated felonies in cases in which the violation also involved the unlawful transfer, possession, or use of another's means of identification.

For these reasons, Petitioner ZAKIA WHITE's Motion To Correct, Set Aside, Or Vacate her sentence and conviction should be denied.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
February /9 , 2009